IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAN KOUIYOTH,

    Petitioner,                    No. CIV S-04-0662 MCE JFM P

    vs.

TOM L. CAREY,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondents' motion to dismiss all of the new claims raised in petitioner's first amended petition filed September 28, 2005.

                              BACKGROUND

        Petitioner filed this action on April 2, 2004, challenging his 1997 conviction on charges of attempted murder, shooting at an inhabited dwelling, shooting a firearm from a motor vehicle, possession of a firearm by a felon, and enhancements for arming with a firearm and commission of the crimes for the benefit of a criminal street gang, and the sentence imposed thereon. Petitioner raised four claims in his original petition: (1) insufficient evidence to support the attempted murder conviction; (2) ineffective assistance of trial counsel for failing to request

certain jury instructions and in failing to properly challenge a writ of mandate filed by the government; (3) violation of double jeopardy by sentencing petitioner more severely following a successful appeal; and (4) ineffective assistance of appellate counsel for failing to raise on direct appeal the claim that he received ineffective assistance of counsel for failing to request certain jury instructions, for failing to challenge one of the jury instructions given, and for failing to challenge the omission of another jury instruction.

On June 21, 2004, petitioner filed a motion to stay this action pending exhaustion of state remedies as to additional claims for relief.  By order filed July 16, 2004, respondent was directed to file a response to the motion for stay at the time the answer to the petition was filed. Respondent filed an answer on October 6, 2004, but did not respond to the motion to stay.  On December 15, 2004, the court issued an order to show cause directing respondent to show cause in writing why the action should not be stayed.  On January 4, 2005, respondent filed a statement of non-opposition to the motion for stay.  By order filed January 6, 2005, the action was stayed and petitioner was directed to file a request to lift the stay within thirty days after disposition of his state exhaustion petition.

On September 28, 2005, petitioner filed a motion to amend the petition together with a proposed first amended petition, adding the following claims:  (1) actual innocence of the crime of attempted murder; (2) actual innocence of the crime of shooting at the victim; (3) ineffective assistance of appellate counsel for nor arguing petitioner's innocence; (4) violation of the double jeopardy clause by charging petitioner with two crimes from one act; (5) violation of the Williamson rule by charging petitioner with attempted murder, and shooting at the victim, and shooting at a building; and (6) instructional error in giving CALJIC 17.41.1.  By order filed October 12, 2005, the stay was lifted and respondent was directed to respond to the motion to amend.  In his November 2, 2005 response, respondent opposed amendment on statute of limitations grounds.  By order filed August 16, 2006, petitioner's motion to amend was granted without prejudice to the filing of a motion to dismiss on grounds that specific claims raised in the

amended petition are untimely and should be dismissed as time-barred.  The instant motion followed that order.

## ANALYSIS

Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  Petitioner was convicted on December 19, 1997.

2.  On September 26, 2000, the California Court of Appeal for the Third Appellate District affirmed in part and reversed in part petitioner's conviction and remanded the matter for resentencing.

/////

1       3.  On December 13, 2000, the California Supreme Court denied review.

2       4.  On February 20, 2001, petitioner was resentenced by the state trial court.

3       5.  On June 12, 2002, the California Supreme Court denied petitioner's second
4  petition for review.  Petitioner's conviction became final ninety days later on September 11,
5  2002.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

6       6.  On February 7, 2003, petitioner filed a state petition for writ of habeas corpus
7  in the San Joaquin County Superior Court.  Subsequent petitions were filed in the California
8  Court of Appeal for the Third Appellate District and the California Supreme Court.  All three
9  petitions were denied.  The decision of the California Supreme Court was issued on March 24,
10 2004.

11      7.  On April 2, 2004, petitioner filed the original petition in this action.

12      8.  On October 18, 2004, petitioner filed a second petition for writ of habeas
13 corpus in the California Supreme Court.  On August 31, 2005, the California Supreme Court
14 denied the petition in an order citing to In re Clark, 5 Cal.4th 750 (1993) and In re Robbins, 18
15 Cal.4th 770, 780 (1998).

16      9.  On September 14, 2005, petitioner submitted the first amended petition to this
17 court.[1]

18      Pursuant to § 2244(d)(1)(A), the statute of limitations began to run against
19 petitioner on September 11, 2002, when his state court conviction became final.  Absent statutory
20 or equitable tolling, petitioner's federal habeas petition was due on or before September 12,
21 2003.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  In accordance with the
22 tolling provisions of 28 U.S.C. § 2244(d)(2), petitioner was "entitled to tolling of the one-year
23 limitations period for those time periods during which his 'properly filed' state habeas petitions

---

[1] The first amended petition was file stamped in this court on September 28, 2005.
However, it was delivered to prison officials for mailing on September 14, 2005.  The latter date
is therefore the filing date for purposes of the statute of limitations.  See Houston v. Lack, 487
U.S. 266 (1988).

4

1  were 'pending.'" Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007). However, petitioner is
2  not entitled to statutory tolling for any petition denied by the state court as untimely, because
3  such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the
4  meaning of 28 U.S.C. § 2244(d)(2). Id.(citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.
5  2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005))).

It is undisputed that petitioner is entitled to statutory tolling for the period from February 7, 2003, when he filed his first state court habeas petition in the San Joaquin County Superior Court, to March 24, 2004, when the California Supreme Court denied the first petition for writ of habeas corpus filed in that court. Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court on October 18, 2004. Respondent contends that because the state supreme court denied the petition with citations to In re Clark and In re Robbins, signaling that the petitions were untimely, it was neither "properly filed" nor "pending" in the state supreme court for purposes of 28 U.S.C. § 2244(d)(2) and did not extend the period of statutory tolling.

In Thorson v. Palmer, supra, the United States Court of Appeals for the Ninth Circuit held that a state habeas corpus petition denied with citation to "the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings." Thorson, at 645. Petitioner's second state supreme court petition was also denied with citation to Robbins at the page cited in Thorson. The holding in Thorson binds this court and requires a finding that petitioner's second state supreme court petition was denied as untimely and did not, therefore, operate to toll the federal statute of limitations.

The record reflects that 148 days ran on the limitation period after petitioner's conviction became final and before he filed his first state habeas corpus petition. Thereafter, the limitation period was tolled from February 7, 2003 until March 24, 2004, while his first round of state habeas corpus petitions were pending. As of March 24, 2004, petitioner had 217 days remaining in the limitation period to file his federal claims, or until approximately October 27,

2004. While the original petition filed in this action was filed within the limitation period, the amended petition was not filed until September 14, 2005,[2] almost eleven months after the limitation periods expired.

Respondent also contends that petitioner's new claims do not relate back to the timely filed original petition. In Mayle v. Felix, 545 U.S. 644 (2005), the United States Supreme Court held that claims raised in an amended habeas corpus petition filed after expiration of the limitations period relate back to claims raised in a timely petition only if the claims "are tied to a common core of operative facts." Mayle, 544 U.S. at 664. Respondent contends that the new claims in the amended petition do not arise from a core of operative facts in common with claims in the original petition and, therefore, that the new claims do not "relate back" to the timely filed original petition.

In the first claim in the original petition, petitioner claims there was insufficient evidence to support his conviction on the attempted murder charge. Specifically, petitioner contends there was no evidence that he knew that the victim was home at the time the shots were fired at the dwelling. (See Petition, filed April 2, 2004, at 12.) Four of petitioner's six new claims, including the first and second claims of actual innocence, the fourth claim alleging a violation of double jeopardy, and the fifth claim alleging a violation of the Williamson rule, are all based on the same contention that petitioner did not know the victim was home at the time of the events at bar and that there was no evidence that he intended to shoot at a person. For that reason, these four claims arise from the same "core of operative facts" as the first claim in the original petition and therefore relate back to the original petition.

The third new claim for relief is that petitioner received ineffective assistance of appellate counsel when his appellate counsel failed to raised on direct appeal petitioner's claim that he is actually innocent of the attempted murder of Vang. Although petitioner raised an

---

[2] See footnote 1, supra.

ineffective assistance of appellate counsel claim in his original petition, that claim is grounded in different facts than the claim raised in the first amended petition. See discussion of claims, page 2, supra. For that reason, the new ineffective assistance of appellate counsel claim does not relate back to the original petition. This claim is therefore untimely and must be dismissed.

Petitioner's sixth new claim is that his constitutional rights were violated by the use of CALJIC 17.41.1 at his trial. This claim does not arise from the same core of operative facts as any of the claims raised in the original petitioner. Moreover, it is foreclosed by the decision of the United States Court of Appeals for the Ninth Circuit in Brewer v. Hall, 378 F.3d 952, 957 (9th Cir. 2004) (affirming district court's denial because there is no clearly established federal law holding that CALJIC 17.41.1 violates an existing constitutional right). This claim should therefore be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 29, 2006 motion to dismiss be denied as to petitioner's first, second, fourth and fifth new claims for relief and granted as to petitioner's third and sixth new claim for relief;

2. Respondent be directed to answer, within forty-five days from the date of any order by the district court adopting these findings and recommendations, all claims in the first amended petition except petitioner's third and sixth new claims for relief; and

3. Petitioner's traverse be due thirty days from the date respondent's answer is filed and served.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised

/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 8, 2007.

*/s/ John F. Moulds*
UNITED STATES MAGISTRATE JUDGE

12
kouy0662.mtd